## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

**GREGORY BIENAIME,**              **Bankruptcy Petition#: 19-27015-SMG**

    **Debtor**

                                         Chapter 13 Proceeding

_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## AGAINST THE DEBTOR TO PROCEED WITH EVICTION ACTION
## IN STATE COURT

Movant/Creditor, SAMIR CURY, ("Movant" or "Creditor"), via undersigned counsel, hereby file this Motion For Relief From The Automatic Stay Against The Debtor To Proceed With Eviction Action in State Court and states as follows:

1. On or about July 15, 2019, the Debtor/Respondent, **GREGORY BIENAIME** ("Debtor" or "Respondent") commenced a Chapter 7 bankruptcy matter by filing a Voluntary Petition for relief under Chapter 7 ("Voluntary Petition"). This action was assigned Case No. 19-19327-JKO. Said bankruptcy proceeding was assigned to the Honorable John K. Olson, and was later dismissed.

2. The Debtor has, since the filing of the Voluntary Petition, remained in possession of the Movants' property located in Broward County, Florida, at 8254 SW 27 Street, #105, Miramar, FL 33025 (the "Property").

3. This Court has jurisdiction to consider and grant the relief prayed for by Movant.

4. The Debtor has possession of the Property under a Lease agreement to pay rent for use of the leased Property during the tenancy. Debtor stopped paying rent and have continued to not pay rent.

5.      The Movant served Respondent with a Notice to Pay Rent or Vacate (the "Notice").

6.      The Debtor failed and refused to make payment of the amounts then due and owing or deliver possession of the Leased Premises.

7.      As such, on July 3, 2019, Movant filed its Eviction Complaint in the County Court in and for Broward County, Florida, Case No.: COSO-19-008059 (60).  The case is before the Honorable Michael Davis.  *See* Composite Exhibit "A".

8.      On July 17, 2019, Honorable Michael Davis entered an Order requiring Rent Money to be Placed into the Court Registry or Entry of Default Against Defendant(s) on Claim for Tenant Eviction. This Order required the Tenant to place funds into the Court Registry by the 3rd of each month.

9.      On July 17, 2019, Honorable Michael Davis also referred the case to Mediation.

10.      The Debtor filed its Chapter 7 Voluntary Petition on July 15, 2019. Though an Order requiring Rent Money to be Placed into the Court Registry or Entry of Default Against Defendant(s) on Claim for Tenant Eviction, and the case was referred to Mediation, these proceedings have been stayed by Debtor's filing and serving of its Suggestion of Bankruptcy.

11.      On October 7, 2019, After Debtor filed a Motion to Convert Case to Chapter 13, Honorable John K. Olson, entered an Order Denying Debtor's Motion to Convert Case to Chapter 13.

12.      On October, 11, 2019, Honorable John K. Olson, entered an Order Granting Motion for Relief from the Automatic Stay Against the Debtor to Proceed with Eviction Action in State Court. *See* Order, Exhibit "B".

13.     On October 15, 2019, Trustee Leslie S. Osborne, filed an Ex Parte Motion to Dismiss Case Failure by Debtor to Attend the Meeting of Creditors for Failure by Debtor(s) to Appear at Meeting of Creditors. This Motion to Dismiss was granted by the Court.

14.     On October 28, 2019, Pursuant to the Honorable John K. Olson's Order, Honorable Michael Davis entered a Final Judgment for Removal of Tenant(s) in the Eviction Complaint in the County Court in and for Broward County, Florida, Case No.: COSO-19-008059 (60). *See* Exhibit "C".

15.     On October 28, 2019, Debtor, Gregory Bienaime filed this Bankruptcy action with this Honorable Court. Case No.: 19-24457-SMH.

16.     On November 12, 2019, Debtor, Gregory Bienaime, filed the Notice of Bankruptcy Case Filing with the County Court after his Motions to Vacate Final Judgment and Stay Writ were denied in the County Court eviction matter. *See* Composite Exhibit "D"

17.     On December 3, 2019, This Honorable Court dismissed the Bankruptcy action with Case No.: 19-24457-SMG. *See* Exhibit "E"

18.     Accordingly, Movant continued forward with the Eviction matter having caused an Alias Writ of Possession to be issued.

19.     On December 23, 2019, Debtor, Gregory Bienaime, filed this third Bankruptcy Action.

20.     By filing the herein Bankruptcy Voluntary Petition, Debtor has purposefully stayed the eviction action in the State Court for the third time in order to avoid the execution of the Alias Writ of Possession issued by the Broward County Sheriff's Office.

21.     Under, 11 U.S.C. §362(d) provides in pertinent part:

    On request of a party in interest and after notice and a

> hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) Such property is not necessary to an effective reorganization.

22.    Accordingly, Movant seeks relief from the automatic stay to proceed with the Eviction and to proceed with the execution of the issued Alias writ of possession, to remove the Debtor from the Leased Premises and to secure the real Property, through an order requiring that the County Court lift any automatic stay of the eviction action and allowing the County Court to proceed with the State Court Eviction Action.

23.    The aforementioned facts clearly demonstrate that Debtor, Gregory Bienaime, continues to file bankruptcy petitions with the Court in bad faith, and for the sole purpose of delaying the Eviction whereby causing extreme prejudice to the Movant. Accordingly, Movant requests this Honorable Court enter an Order preventing future Automatic Status that may be placed as result of any future Bankruptcy filing from Debtor, Gregory Beinaime.

24.    The leased Property at issue is not the homestead property of the Debtor (tenant of leased Property). As of the date of the filing of this Motion, it is understood that the leased Property at issued has not been claimed exempt by the Debtor or abandoned by the Trustee.

25.    Debtor's continued residency in the leased Property in violation of the Final Judgment and has caused Movant financial hardships and has caused Movant to incur additional legal fees and costs to file the herein Motion and bring the herein Motion before this Court.

26.    Further, to date, Debtor has not to Movant knowledge, complied with 11 U.S.C § 362(l) in filing or serving with her petition upon the Movants any:

> ". . . certification under penalty of perjury that— (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for

possession, after that judgment for possession was entered; and (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition."

WHEREFORE, Movant respectfully requests this Court enter an Order granting them relief from the automatic stay to proceed with the eviction action against the Debtor to remain in effect regardless of any future automatic stays placed by any future bankruptcies files by the Debtor, allow Movant and the Broward County Sheriff's Office to execute the already issued Alias writ of possession, and/or including the Clerk of Court issuing a pluries writ of possession for execution by the Sheriff, and/or to pursue such other relief as is necessary to recover the real property. Alternatively, if this Court denies the Movant's motion for stay relief, Movant requests this Court determine the adequate protection payments to Movant in the amount of rent, plus grant such other and further relief as the Court deems just and proper.

Dated: December 31, 2019

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that all adverse parties have been contacted in an attempt to resolve the matter prior to filing the herein motion pursuant to Local Rule 9073-1(D) in an attempt to resolve the matter without a hearing.

Dated: December 31, 2019     BY: /s/ Kevin H. Fabrikant

KEVIN H. FABRIKANT, ESQ.
FL Bar No.: 0170070
Fabrikant & Associates, PLLC
9900 Stirling Road, Suite 300
Hollywood, FL 33024
Tel (954) 966-0881
Fax (954) 966-0886
kevinf@lawfh.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019 a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the attached service list and registered to receive electronic service via this Court's CM/ECF filing system, or by manner otherwise shown on service list and by U.S. Mail to **GREGORY BIENAIME,** 254 SW 27 Street, #105, Miramar, FL 33025, or by manner otherwise shown on service list.

Dated: December 31, 2019    BY: /s/ Kevin H. Fabrikant

KEVIN H. FABRIKANT, ESQ.
FL Bar No.: 0170070
Fabrikant & Associates, PLLC
9900 Stirling Road, Suite 300
Hollywood, FL 33024
Tel (954) 966-0881
Fax (954) 966-0886
kevinf@lawfh.com

## SERVICE LIST

*Debtor*
**Gregory Bienaime**
(Via CM/ECF filing system and U.S. Mail)
8254 SW 27 Street, #105
Miramar, FL 33025

SSN/ITIN: xxx-xx-0054

(Debtor)

PRO SE

*Trustee*
**Robin R Weiner** (Via CM/ECF filing system)
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355
954-382-2001

***U.S. Trustee*** (Via CM/ECF filing system)
***Office of the US Trustee***
*51 S.W. 1st Ave.*
*Suite 1204*
*Miami, FL 33130*
USTPRegion21.MM.ECF@usdoj.gov
*(305) 536-7285*

IN THE COUNTY COURT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: COSO-19-008059 (60)
**Landlord-Tenant Division**

SAMIR CURY,
Plaintiff(s),

vs.

GREGORY BIENAIME,
and all others in possession,
Defendant(s).

_____/

## COMPLAINT FOR EVICTION-POSSESSION

The Plaintiff(s) SAMIR CURY, (the "Plaintiff(s)"), sue Defendant(s) GREGORY
BIENAIME, and all others in possession (the "Defendant(s)"), and alleges as follows:

1.     This is an action to evict a tenant from real property in said county, BROWARD
County, Florida.

2.     The Plaintiff(s) owns the following described real property in said county, 8254
SW 27 Street, #105, Mirmar, FL 33025, BROWARD County Florida (the "Property").

3.     The Defendant(s) has possession of the Property under written lease agreement to
pay rent every month during the tenancy. A copy of the lease agreement is attached hereto as
"Exhibit A".

4.     The Defendant(s) have failed to pay the full amount of rent due under the
agreement. As of June 18, 2019, the date on which the Plaintiff(s) served the Defendant(s) with a
Notice to Pay Rent or Vacate, the Defendant(s) had an unpaid rent balance in the amount of
$1,275.00.

5.     The Plaintiff(s) served the Defendant(s) with a Notice to Pay Rent or Vacate on
June 18, 2019, but the Defendant(s) have refused to do either. A copy of said Notice is attached
hereto and incorporated herein as Exhibit "B".

Composite

Eviction Law Firm

Exhibit "A"

*Complaint for Eviction, page 2*

6.     Plaintiff(s) also request herein that the Court order the Clerk of the Court to release and disburse to the Plaintiff(s) any monies deposited in the Court Registry by the Defendant(s) in this matter for unpaid rent as Plaintiff(s) are in actual danger of loss of the Property and/or other personal hardship which has resulted from the loss of rental income from the Property.

7.     In order to enforce their statutory and contract right the Plaintiff(s) have had to retain Fabrikant & Associates, P.L.L.C., and have to pay said firm reasonable legal fees to enforce said rights. Plaintiff(s) are entitled to an award of costs and reasonable attorney's fees pursuant to Florida Statute § 83.48.

**WHEREFORE**, the Plaintiff(s) respectfully demand judgment for possession of the Property against Defendant(s), attorney's fees and costs for this matter, that the Court order the Clerk of the Court to release and disburse any monies paid by the Defendant(s) into the Court Registry to the Plaintiff(s), and that the Court order such further relief this Court deems just and proper.

BY: */s/ Kevin H. Fabrikant*
KEVIN H. FABRIKANT, ESQ. / FL Bar No.: 0170070
Eviction Law Firm / Fabrikant & Associates, PLLC
9900 Stirling Road
Suite 300
Hollywood, FL 33024
Tel (954) 966-0881 / Fax (954) 966-0886
kevinf@lawfh.com

RESIDENTIAL LEASE FOR APARTMENT OR UNIT IN MULTI-
FAMILY RENTAL HOUSING (OTHER THAN A DUPLEX)
INCLUDING A MOBILE HOME, CONDOMINIUM, OR
COOPERATIVE (FOR A TERM NOT TO EXCEED ONE YEAR)

FloridaRealtors

(Not To Be Used For Commercial, Agricultural, or Other Residential Property)

WARNING: IT IS VERY IMPORTANT TO READ ALL OF THE LEASE CAREFULLY. THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS.

AN ASTERISK (*) OR A BLANK SPACE (_____) INDICATES A PROVISION WHERE A CHOICE OR A DECISION MUST BE MADE BY THE PARTIES.

NO CHANGES OR ADDITIONS TO THIS FORM MAY BE MADE UNLESS A LAWYER IS CONSULTED.

I. TERM AND PARTIES. This is a Lease (the "Lease") for a period of 11 _____ months (the "Lease Term"), beginning
(number)

03/01/2019 _____ and ending on _____ 02/01/2020 _____ between
(month, day, year)                    (month, day, year)

_____ and _____
(name of owner of the property)          (name(s) of person(s) to whom the property is leased to)

(In the Lease, the owner, whether one or more, of the property is called "Landlord." All persons to whom the property is leased are called "Tenant.")

Landlord's E-mail Address:
Landlord's Telephone Number:
Tenant's E-mail Address:
Tenant's Telephone Number:

II. PROPERTY RENTED. Landlord leases to Tenant apartment or unit no. 101 _____ in the building located at

_____ known as _____
(street address)

_____ , Florida _____ , together with the following furniture and appliances:
(city)                          (zip code)

REFRIGERATOR, ELECTRIC RANGE, DISHWASHER, WASHER, DRYER, MICROWAVE, DISPOSAL, CENTRAL A/C.

(List all furniture and appliances, if none, write "none.") (In the Lease, the property rented, including furniture and appliances, if any, is called "the Premises").

III. COMMON AREAS. Landlord grants to Tenant permission to use, during the Lease Term, along with others, the common areas of the building and the development of which the Premises are a part.

IV. RENT PAYMENTS, TAXES AND CHARGES. Tenant shall pay rent for the Premises in installments of $1,250 _____ each on
the 1st _____ day of each month (month, week)

(If the initial payment period, as used in the Lease, shall be a month or week if rent is paid monthly, and a week if paid weekly.)

Tenant shall pay with each rent payment all taxes imposed on the rent by any authority. The amount of taxes payable on the beginning of the Lease is $_____ for each installment. The amount of such installment of rent plus taxes (the Lease Payment), as of the date the Lease begins, is $1,250 _____. Landlord will notify Tenant if the amount of the tax changes. Tenant shall pay the rent and all other charges required to be paid under the Lease by cash, valid check, or money order. Landlord may appoint an agent to collect the Lease Payment and to perform Landlord's obligations.

Tenant [____] and Landlord [____] acknowledge receipt of a copy of this page, which is Page 1 of 15.
NAV-LEASE-1  Rev. 7/16     Approved on 04/16, 2010, by the Supreme Court of Florida for use under Rule 10-2.1(a) of the Rules Regulating the Florida Bar.

Scanned with CamScanner

Scanned with CamScanner

"Exhibit A" Scanned with CamScanner

Unless this box ☐ is checked, the Lease Payments must be paid in advance beginning _____
_____ (date)
If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from

_____ through _____ in the amount of $ _____ and shall be due
       (date)                        (date)

on _____, (if rent paid monthly, prorate on a 30-day month.)
       (date)

**V. DEPOSITS, ADVANCE RENT, AND LATE CHARGES.** In addition to the Lease Payments described above, Tenant shall pay the following: (check only those items that apply)

| | | |
|---|---|---|
| ☑ | a security deposit of $ 3,300 | to be paid upon signing the Lease. |
| ☑ | advance rent in the amount of $ 1,680 _____ for the Rental Installment Periods of FIRST MONTH to be paid upon signing the Lease. | |
| ☐ | a pet deposit in the amount of $ _____ to be paid upon signing the Lease, | |
| ☑ | a late charge in the amount of $ 100.00 _____ for each Lease Payment made more than 5 days after the date it is due. | |
| ☑ | a bad check fee in the amount $ 50.00 _____ not to exceed $20.00 or 5% of the Lease Payment, whichever is greater) If Tenant makes any Lease Payment with a bad check. If Tenant makes any Lease Payment with a bad check, Landlord can require Tenant to pay all future Lease Payments in cash or by money order. | |
| ☑ | Other: IF RENT IS PAID LATE, CHARGES WILL BE DUE AS ADDITIONAL RENT. | |
| ☑ | Other: ANY PAYMENT OWED BY THE TENANT IS CONSIDERED RENT UNDER THIS LEASE. | |

**VI. SECURITY DEPOSITS AND ADVANCE RENT.** If Tenant has paid a security deposit or advance rent the following provisions apply:

A. Landlord shall hold the money in a separate interest-bearing or non-interest-bearing account in a Florida banking institution for the benefit of Tenant. If Landlord deposits the money in an interest-bearing account, Landlord must pay Tenant interest of at least 75% of the annualized average interest paid by the bank or 5% per year simple interest, whichever Landlord chooses. Landlord cannot mix such money with any other funds of Landlord or pledge, mortgage, or make any other use of such money until the money is actually due to Landlord; or

B. Landlord must post a surety bond in the manner allowed by law. If Landlord posts the bond, Landlord shall pay Tenant 5% interest per year.

At the end of the Lease, Landlord will pay Tenant, or credit against rent, the interest due to Tenant. No interest will be due Tenant if Tenant wrongfully terminates the Lease before the end of the Lease Term.

C. If Landlord rents 5 or more dwelling units, then within 30 days of Tenant's payment of the advance rent or any security deposit, Landlord must notify Tenant in writing of the manner in which Landlord is holding such money, the interest rate, if any, that Tenant will receive, and when such payments will be made.

**VII. NOTICES.** SAMIR CURY (LANDLORD) 954-801-4476 _____ is Landlord's Agent. All notices to Landlord and all
                        (name)

Lease Payments must be sent to Landlord's Agent at SAMIR CURY - WELLS FARGO BANK- ADA ACC ██████ .
                                                                    (address)

unless Landlord gives Tenant written notice of a change. Landlord's Agent may perform inspections on behalf of Landlord, subject to Article XII below. All notices to Landlord shall be given by certified mail, return receipt requested, or by hand delivery to Landlord or Landlord's Agent.

Any notice to Tenant shall be given by certified mail, return receipt requested, or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at the Premises.

**VIII. USE OF PREMISES.** Tenant shall use the Premises only for residential purposes. Tenant also shall obey, and require anyone on the Premises to obey, all laws and any restrictions that apply to the Premises. Landlord will give Tenant notice of any restrictions that apply to the Premises.

If the Premises are located in a condominium or cooperative development, the Lease and Tenant's rights under it, including as to the common areas, are subject to all terms of the governing documents for the project, including, without limitation, any Declaration of Condominium or proprietary lease, and any restrictions, rules, and regulations now existing or hereafter adopted, amended, or repealed.

Tenant [____] [____] and Landlord [____] [____] acknowledge receipt of a copy of this page, which is Page 2 of 18. RLAUCC-1X  Rev. 7/18  Approved on _____ , 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.

Unless this box ☐ is checked, Landlord may adopt, modify, or repeal rules and regulations for the use of common areas and conduct on the Premises during the Lease Term. All rules and regulations must be reasonable and in the best interest of the development in which the Premises are located.

Occasional overnight guests are permitted. An occasional overnight guest is one who does not stay more than 15 ____ nights in any calendar month (if left blank, 7). Landlord's written approval is required to allow anyone else to occupy the Premises.

Unless this box ☐ is checked or a pet deposit has been paid, Tenant may not keep or allow pets or animals on the Premises without Landlord's approval of the pet or animal in writing.

Unless this box ☐ is checked, no smoking is permitted in the Premises.

Tenant shall not keep any dangerous or flammable items that might increase the danger of fire or damage on the Premises without Landlord's consent.

Tenant shall not create any environmental hazards on or about the Premises.

Tenant shall not destroy, deface, damage, impair, or remove any part of the Premises belonging to Landlord, nor permit any person to do so.

Tenant may not make any alterations or improvements to the Premises without first obtaining Landlord's written consent to the alteration or improvement. However, unless this box ☐ is checked, Tenant may hang pictures and install window treatments in the Premises without Landlord's consent, provided Tenant removes all such items before the end of the Lease Term and repairs all damage resulting from the removal.

Tenant must act, and require all other persons on the Premises to act, in a manner that does not unreasonably disturb any neighbors or constitute a breach of the peace.

**IX. MAINTENANCE.** Landlord and Tenant agree that the maintenance of the Premises must be performed by the person indicated below:
   A.      Landlord's Required Maintenance. Landlord will comply with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall maintain and repair the roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keep the plumbing in reasonable working order. If the Premises are located in a condominium, Landlord and Tenant acknowledge that the maintenance of the structural elements and common areas is performed by the condominium association as part of the common area maintenance. Landlord shall assure that the association complies with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall assure that the association maintains and repairs roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keeps the plumbing in reasonable working order. Landlord will be responsible for the maintenance of any items listed above for which the association is not responsible.
   B.      Elective Maintenance. Fill in each blank space in this section with Landlord or Tenant to show who will take care of the item noted. If a space is left blank, Landlord will be required to take care of that item (or assure that the association takes care of the items if the Premises are located in a condominium).

| | | |
|---|---|---|
| ☐ Landlord | ☑ Tenant | Smoke Detectors |
| ☐ Landlord | ☑ Tenant | Extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs |
| ☐ Landlord | ☑ Tenant | Locks and keys |
| ☐ Landlord | ☑ Tenant | Clean and safe condition of outside areas |
| ☑ Landlord | ☐ Tenant | Garbage removal and outside garbage receptacles |
| ☑ Landlord | ☐ Tenant | Running water |
| ☑ Landlord | ☐ Tenant | Hot water |
| ☑ Landlord | ☐ Tenant | Lawn |
| ☑ Landlord | ☐ Tenant | Heat |
| ☑ Landlord | ☐ Tenant | Air conditioning |
| ☐ Landlord | ☑ Tenant | Furniture |
| ☑ Landlord | ☐ Tenant | Appliances |
| ☑ Landlord | ☐ Tenant | Fixtures |
| ☐ Landlord | ☑ Tenant | Pool (including filters, machinery, and equipment) |
| ☐ Landlord | ☑ Tenant | Heating and air conditioning filters |
| ☐ Landlord | ☑ Tenant | Other: IF SHUTTERS ARE PROVIDED ITS TENANT RESPONSIBILITY TO INSTALL THEM. |

Tenant's responsibility, if any, indicated above, shall not include major maintenance or major replacement of equipment.

Landlord shall be responsible for major maintenance or major replacement of equipment, except for equipment for which Tenant has accepted responsibility for major maintenance or major replacement in the previous paragraph.
Major maintenance or major replacement means a repair or replacement that costs more than $ 100.00 _____.

Tenant [ _____ ] and Landlord [ _____ ] acknowledge receipt of a copy of this page, which is Page 3 of 18.
RLAUGC-1X    Rev. 7/18    Approved on _____, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.

Tenant shall be required to vacate the Premises on 7 days' written notice, if necessary, for extermination pursuant to this subparagraph. When vacation of the Premises is required for extermination, Landlord shall not be liable for damages but shall abate the rent.

Nothing in this section makes Landlord responsible for any condition created or caused by the negligent or wrongful act or omission of Tenant, any member of Tenant's family, or any other person on the Premises with Tenant's consent.

G.    Tenant's Required Maintenance. At all times during the Lease Term, Tenant shall:
1. comply with all obligations imposed upon tenants by applicable provisions of building, housing, and health codes;
2. keep the Premises clean and sanitary;
3. remove all garbage from the dwelling unit in a clean and sanitary manner;
4. keep all plumbing fixtures in the dwelling unit clean, sanitary, and in repair; and
5. use and operate in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators.

X. UTILITIES. Tenant shall pay all charges for hook-up, connection, and deposit for providing all utilities and utility services to the Premises during the Lease Term except FOR THOSE PROVIDED BY THE ASSOCIATION.
which Landlord agrees to provide at Landlord's expense. (Specify any utilities to be provided and paid for by Landlord such as water, sewer, oil, gas, electricity, telephone, garbage removal, etc.).

XI. SERVICEMEMBER. If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

XII. LANDLORD'S ACCESS TO PREMISES. Landlord or Landlord's Agent may enter the Premises in the following circumstances:

A. At any time for the protection or preservation of the Premises.
B. After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.
C. To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:
1. with Tenant's consent;
2. in case of emergency;
3. when Tenant unreasonably withholds consent; or
4. if Tenant is absent from the Premises for a period of at least one-half a Rental Installment Period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant's consent or for the protection or preservation of the Premises.)

XIII. PROHIBITED ACTS BY LANDLORD. Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

XIV. CASUALTY DAMAGE. If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant's consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant's liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.

XV. DEFAULTS/REMEDIES. Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on defaults and remedies. A copy of the current version of this Act is attached to this Lease.

XVI. ASSIGNMENT AND SUBLEASING. Unless this box ☐ is checked, Tenant may not assign the Lease or sublease all or any part of the Premises without first obtaining Landlord's written approval and consent to the assignment or sublease.

XVII. RISK OF LOSS. Subject to the next sentence, Landlord shall not be liable for any loss by reason of damage, theft, or otherwise to the contents, belongings, and personal effects of the Tenant, or Tenant's family, agents, employees, guests, or visitors. Landlord shall not be liable if such damage, theft, or loss is caused by Tenant, Tenant's family, agents, employees, guests, or visitors. Nothing contained in this provision shall relieve Landlord or Tenant from responsibility for loss, damage, or injury caused by its own negligence or willful conduct.

XVIII. SUBORDINATION. The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.

XIX. LIENS. The interest of the Landlord shall not be subject to liens for improvements by the Tenant as provided in Section 713.10, Florida Statutes. Tenant shall notify all parties performing work on the Premises at Tenant's request that the Lease does not allow any liens to attach to Landlord's interest.

Tenant [____] and Landlord [____] acknowledge receipt of a copy of this page, which is Page 4 of 18, RLAUCC4X   Rev. 7/16   Approved on _____ 5, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.

**XX. APPROVAL, CONTINGENCY.** If applicable, the Lease is conditioned upon approval of Tenant by the association that governs the Premises. Any application fee required by an association shall be paid by ☐ Landlord ☑ Tenant. If such approval is not obtained prior to commencement of Lease Term, either party may terminate the Lease by written notice to the other given at any time prior to approval by the association, and if the Lease is terminated, Tenant shall receive return of deposits specified in Article V, if made. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Tenant agrees to use due diligence in applying for association approval and to comply with the requirements for obtaining approval. ☑ Landlord ☐ Tenant shall pay the security deposit required by the association, if applicable.

**XXI. RENEWAL/EXTENSION.** The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but in no event may the total Lease Term exceed one year. A new lease is required for each year.

**XXII. LEAD-BASED PAINT.** ☐ Check and complete if the dwelling was built before January 1, 1978. Lead Warning Statement (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant)

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.

**Lessor's Disclosure (initial)**

_____ (a) Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):
         (i) ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).

_____

         (ii) ☑ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.
_____ (b) Records and reports available to the Lessor (check (i) or (ii) below):
         (i) ☐ Lessor has provided the Lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below)..

_____

         (ii) ☑ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial)**

_____ (c) Lessee has received copies of all information listed above.
_____ (d) Lessee has received the pamphlet Protect Your Family From Lead In Your Home.

**Agent's Acknowledgment (initial)**

_____ (e) Agent has informed the Lessor of the Lessor's obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| | |
|---|---|
| Lessor's signature          Date | G. Bienfime |
| | Lessee's signature          Date |
| Lessee's signature          Date | Antoinette Roman |
| Mercedes Ledesma | Agent's signature          Date |
| Agent's signature          Date | |

Tenant _____ and Landlord _____ acknowledge receipt of a copy of this page, which is Page 5 of 18.
RLAUCG-5 Rev. 7/16    Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.

XXIII. ATTORNEYS' FEES. In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorneys' fees, from the non-prevailing party.

XXIV. MISCELLANEOUS.

A. Time is of the essence of the performance of each party's obligations under the Lease.

B. The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.

C. The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.

D. No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.

E. All questions concerning the meaning, execution, construction, effect, validity, and enforcement of the Lease shall be determined pursuant to the laws of Florida.

F. The place for filing any suits or other proceedings with respect to the Lease shall be the county in which the Premises is located.

G. Landlord and Tenant will use good faith in performing their obligations under the Lease.

H. As required by law, Landlord makes the following disclosure: "RADON GAS." Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department.

XXV. TENANT'S PERSONAL PROPERTY. TENANT MUST INITIAL IN THIS BOX ☐ FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.

The Lease has been executed by the parties on the dates indicated below.

| _Santa Guy_ | |
|---|---|
| Landlord's Signature | Date |

| | |
|---|---|
| Landlord's Signature | Date |

| _G. BienAline_ | |
|---|---|
| Tenant's Signature | Date |

| | |
|---|---|
| Tenant's Signature | Date |

This form was completed with the assistance of:

Name of Individual: MERCEDES LEDEZMA
Name of Business: REALTY WORLD SOUTH FLORIDA
Address: 5401 N UNIVERSITY DR #103 CORAL SPRINGS, FL 33067
Telephone Number: 954-490-2490

Copy of Current Version of Florida Residential Landlord and Tenant Act, Part II, Chapter 83, Florida Statutes to Be Attached

Tenant [ ] and Landlord [ ] acknowledge receipt of a copy of this page, which is Page 6 of 18.
RLAUCC-1X   Rev. 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.

## Early Termination Fee/Liquidated Damages Addendum

[ ☒ ] I agree, as provided in the rental agreement, to pay $3,360_____ (an amount that does not exceed two months' rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.

[ ☐ ]  I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.


_Sandy Cury_
Landlord's Signature                                               Date


_____
Landlord's Signature                                               Date


_J. BienAime_
Tenant's Signature                                                 Date


_____
Tenant's Signature                                                 Date


Tenant [____] and Landlord [____] acknowledge receipt of a copy of this page, which is Page 7 of 18.
RLAUCOM-X Rev. 7/18    Approved on March 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules
Regulating the Florida Bar.

## NOTICE TO PAY RENT OR VACATE
(Residential Property F.S. 83.56 (3))

**TO:** Gregory Bienaime

Tenant(s), and all others in Possession of:

8254 SW 27 ST # 105

Rental Property Address

Miramar, FL 33025

City, State, Zip Code

You are hereby notified that you are indebted to Samir Cury (Landlord) in the sum of $ 1275.00 for the rent and use of the above described rental property in the city of Miramar , County of Broward , Florida, now occupied by you. Samir Cury (Landlord) demands payment of the rent or possession of the rental property within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this Notice, to wit on or before: June 26th. , 20 19 .

SAMIR CURY

Name of Landlord/ Property Owner/Property Manager

20861 Johnson St # 112

Landlord address

Pembroke Pines, FL 33029

City, State, Zip Code

954-801-4475

Landlord Phone Number

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( ) I have mailed a copy of this Notice to the above named tenant(s) by U.S. Mail.

(✓) I have mailed a copy of this Notice to the above named tenant(s) by U.S. certified mail.

( ) I have personally handed a copy of this Notice to the above named tenant(s).

( ) The above named tenant(s) was absent from the rental property and I, therefore, left a copy of this Notice at such a conspicuous place at the rental property.

Date: june 18 2019 Time: _____ By: SAMIR CURY Signature: Samir Cury .

EVICTION
LAW FIRM
EvictionLawFirm.com
1(877) 573-8428

Exhibit "B"



**ORDERED in the Southern District of Florida on October 11, 2019.**

John K. Olson, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:
**GREGORY BIENAIME,**                    **Bankruptcy Case No.: 19-19327-JKO**

    **Debtor**

Chapter 7 Proceeding

_____/

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST THE DEBTOR TO PROCEED WITH EVICTION ACTION IN STATE COURT

THIS CAUSE came before this Court upon creditor Samir Cury's Amended Motion For Relief From the Automatic Stay Against the Debtor to Proceed with Eviction Action In State Court [DE 49], and this Court having held a hearing on October 7, 2019, reviewed the filings, heard argument from the parties, and otherwise being fully advised in the premises, it is:

**ORDERED AND ADJUDGED:**

1. The Motion [DE 49 ] is GRANTED.

*Exhibit "B"*

Page | 2

2. Accordingly, Creditor Samir Cury is GRANTED relief from the automatic stay to proceed with eviction proceedings in the County Court of the Seventeen (17th) Judicial Circuit in and for Broward County, Florida, through the entry of a Final judgment and the issuance and execution of a writ of possession.

### 

**Submitted by:**

Kevin H. Fabrikant, Esq.
**Eviction Law Firm** / Fabrikant & Associates, PLLC
9900 Stirling Road, Suite 300
Hollywood, FL 33024
Tel (954) 966-0881
Fax (954) 966-0886
Kevinf@lawfh.com

BY: */s/ Kevin H. Fabrikant*
KEVIN H. FABRIKANT, ESQ.
FL Bar No.: 0170070

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service confirming with Local Rule 2002-1 (F).

Copies furnished to:

All parties of record
Debtor
Chapter 7 Trustee

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 10/29/2019 1:47:33 PM.****

IN THE COUNTY COURT, IN AND FOR
BROWARD COUNTY, FLORIDA

**CASE NO: COSO-19-008059 (60)**
**Landlord-Tenant Division**

SAMIR CURY,
  Plaintiff(s),

vs.

GREGORY BIENAIME,
and all others in possession,
  Defendant(s).

_____/

## FINAL JUDGMENT FOR REMOVAL OF TENANT(S)

**THIS ACTION** came before the Court upon SAMIR CURY, (the "Plaintiff(s)"), Complaint

for Removal of GREGORY BIENAIME, (the "Defendant"). On the evidence presented:

**IT IS ADJUDGED** that final judgment be entered in favor of the Plaintiff(s), against the

Defendant(s), GREGORY BIENAIME, for possession of the premises located at and known as **8254**

**SW 27 Street, #105, Miramar, FL 33025**, BROWARD, County, Florida for which let Writ of

Possession issue.

**IT IS ADJUDGED** this Court hereby reserves ruling on attorney's fees and costs.

**IT IS ADJUDGED** that the Clerk of the Court is directed to issue Writ of Possession.

ORDERED in BROWARD County, Florida, this 28 day of October, 2019.

_____
COUNTY JUDGE

Plaintiff's Attorney:
Kevin H. Fabrikant, Esq.
Eviction Law Firm / Fabrikant & Associates, PLLC
The Center at Stirling & Palm, 9900 Stirling Road, Suite 300, Hollywood, FL 33024

Gregory Bienaime, 8254 SW 27 Street, #105, Miramar, FL 33025

Exhibit "C"

\*\*\*\* FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 11/1/2019 9:33:25 AM.\*\*\*\*

**In the County Court in and for Broward County, Florida**

Samir Cury
    Plaintiff

vs.

Gregory Bienaime
    Defendant

Case No:  COSO-19-008059

Judge:    Michael Davis
Division:  60

**Order**

This cause having come on upon the motion of the defendant to stay the writ of possession posted on N/A and the court being fully advised, it is therefore

ORDERED AND ADJUDGED that defendant's motion be and is hereby: ~~Granted~~ (Denied.)

DONE AND ORDERED at Hollywood, Broward County, Florida on ___11/1/19___

_____
County Court Judge

Copies Furnished

Composite Exhibit "D"

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 11/1/2019 8:17:24 AM.****

### In the County Court in and for Broward County, Florida

Samir Cury
    Plaintiff

vs.

Gregory Bienaime
   Defendant

Case No:  COSO-19-008059

Judge:    Michael Davis
Division:  60

### Order to Vacate Summary Judgment

ORDERED AND ADJUDGED that:

Granted _____ / Denied  X

DONE AND ORDERED at Hollywood, Broward County, Florida on 11/1/19 .

_____
County Court Judge

Copies Furnished

United States Bankruptcy Court          Case # COSO 19008059
Southern District of Florida



## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 10/28/2019 at
4:09 PM and filed on 10/28/2019.

**Gregory Bienaime**
8254 SW 27 Street
Miramar, FL 33025
305-904-1785
SSN / ITIN: ██████

The bankruptcy trustee is:

**Robin R Weiner**
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355
954-382-2001

The case was assigned case number 19-24457-SMG to Judge Scott M Grossman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.flsb.uscourts.gov or at the Clerk's Office, , .

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Joseph Falzone**
**Clerk, U.S. Bankruptcy**
**Court**



**ORDERED in the Southern District of Florida on December 3, 2019.**

Scott M. Grossman, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Case No.: 19-24457-SMG

Gregory Bienaime,                               Chapter 13
          Debtor.

_____/

### ORDER DENYING MOTION TO CONTINUE
### AUTOMATIC STAY AND DISMISSING CASE WITHOUT PREJUDICE

THIS MATTER came before the Court for a hearing conducted on November 26, 2019, upon Debtor's *Motion to Continue Automatic Stay* (ECF No. 6). Based upon the representations of the Debtor at the hearing and for the reasons stated on the record which shall constitute the decision of the Court, it is **ORDERED** that:

1.   The Motion to Continue Automatic Stay is **DENIED AS MOOT**.

2.   The above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

### ###

*Exhibit "E"*

Copies Furnished To:

All interested parties by Clerk of Court